UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Stephen Love**, | No. |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| **The Daley Company, LLC**, an Ohio Limited Liability Company, **Alyssia Daley** and **Blake Daley**, | |
| Defendants. | |

Plaintiff, Stephen Love ("Plaintiff" or "Stephen Love"), sues the Defendants, The Daley Company, LLC, Alyssia Daley and Blake Daley ("Defendants" or "Designing Hope"), and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under Ohio Revised Code Ann. ("ORC") § 4111; and unpaid wages under ORC § 4113 for Defendants' failure to pay Plaintiff all earned minimum wages and all earned wages.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a

-1-

minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. ORC § 4111 establishes the law regarding minimum wage within the State of Ohio.

4. ORC § 4113 establishes the law regarding the payment of wages within the State of Ohio.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the Southern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7. At all material times, Plaintiff is an individual residing in Lake County, Ohio and is a former employee of Defendants.

8. At all material times, Defendant The Daley Company, LLC is a limited liability company licensed to transact business in the State of Ohio. At all material times, Defendant The Daley Company, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Lake County, Ohio. At all material times, Defendant The Daley Company, LLC owns and operates as "Designing Hope" in Mentor, Ohio.

9. Defendant The Daley Company, LLC is an Ohio limited liability company, authorized to do business in the State of Ohio and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

10. Under the FLSA, Defendant The Daley Company, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant The Daley Company, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Designing Hope's employees, The Daley Company, LLC is subject to liability under the FLSA.

11. Defendant Alyssia Daley is an owner of Defendant Designing Hope and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d). Defendant Alyssia Daley has caused events to take place giving rise to the claims in this Complaint.

12.     Under the FLSA, Defendant Alyssia Daley is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant Alyssia Daley is an owner of Designing Hope.  At all relevant times, Alyssia Daley had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Designing Hope's employees, Alyssia Daley is subject to individual liability under the FLSA.

13.     Defendant Blake Daley is an owner of Defendant Designing Hope and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d). Defendant Blake Daley has caused events to take place giving rise to the claims in this Complaint.

14.     Under the FLSA, Defendant Blake Daley is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant Blake Daley is an owner of Designing Hope.  At all relevant times, Blake Daley had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Designing Hope's employees, Blake Daley is subject to individual liability under the FLSA.

-4-

15. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

16. Defendants, and each of them, are sued in both their individual and corporate capacities.

17. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

18. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

20. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

21. At all material times, Defendants are Plaintiff's "employer" as defined by Ohio Revised Code § 4111, *et seq.*

22. At all material times, Defendants are Plaintiff's "employer" as defined by Ohio Revised Code § 4113, *et seq.*

23. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

24. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

25. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

26. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

27. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

28. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

29. Plaintiff, in his work for Defendants, regularly communicated with individuals using the telephone and other instruments of interstate commerce.

## NATURE OF THE CLAIM

30. Defendants own and/or operate as "Designing Hope," a child therapy provider doing business in Mentor, Ohio.

31. Plaintiff was hired by Defendants and began working on approximately December 6, 2024, and worked for Defendants through approximately December 19, 2024.

32. Defendants hired Plaintiff to work as a qualified mental health specialist ("QMHS").

33. Defendants, in their sole discretion, agreed to pay Plaintiff approximately $45 per hour.

34. During Plaintiff's two workweeks of employment with Defendants, he was scheduled to, and, on information and belief, did, work approximately December 6, 9-13, 16, and 19, for a total of approximately 30 hours.

35. Plaintiff left his employment with Defendants on or about December 19, 2024, after Defendants delined to pay him unless and until he completed additional training and completed a background check.

36. Defendants paid Plaintiff no wages whatsoever for the entire duration of his employment.

37. During that time period, on information and belief, Plaintiff worked approximately 30 hours in total for Defendants.

38. Plaintiff should have been compensated for the hours he worked while training but never was.

39. To date, Defendants still have not compensated Plaintiff for any of the hours he worked for the entire duration of his employment with Defendants.

40. As a result of not having paid any wage whatsoever to Plaintiff for such time worked for Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

41. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

42. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated ORC § 4111.

43. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated ORC § 4113.

44. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for such hours worked.

45. Defendants have and continue to violate ORC § 4111 by not paying Plaintiff the full applicable minimum wage for such hours worked.

46. Defendants have and continue to violate the ORC § 4113 by not paying Plaintiff any wage whatsoever for such hours worked.

47. Plaintiff is a covered employee within the meaning of the FLSA.

48. Plaintiff is a covered employee within the meaning of ORC § 4111.

49. Plaintiff is a covered employee within the meaning of ORC § 4113.

50. Plaintiff was a non-exempt employee.

51. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

52. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

53. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

54. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal

to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under ORC § 4111 and §34(a) of Article II of the Ohio Constitution.

55.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, liquidated damages, interest, and attorneys' fees under ORC § 4113.

**COUNT ONE: FAIR LABOR STANDARDS ACT
FAILURE TO PAY MINIMUM WAGE**

56.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57.    Defendants failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during his two workweeks of employment with them.

58.    Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

59.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Stephen Love, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment

interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: OHIO REVISED CODE § 4111.01
## FAILURE TO PAY MINIMUM WAGE

60.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61.     Defendants failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during his two workweeks of employment with them.

62.     Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates ORC § 4111.01.

63.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the unpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Stephen Love, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

-10-

## **COUNT THREE: OHIO REVISED CODE § 4113**
## **FAILURE TO PAY WAGES OWED**

64.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65.     Defendants failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during his two workweeks of employment with them.

66.     Defendants' practice of failing to pay Plaintiffs wages for labor performed violates ORC § 4113.

67.     Plaintiff is therefore entitled to compensation for the full applicable wage rate, to be proven at trial, plus liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Stephen Love, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

-12-

RESPECTFULLY SUBMITTED this 10th Day of January, 2025.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com

-12-

## **VERIFICATION**

Plaintiff, Stephen Love, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof.  The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and believe, and, as to those matters, he believes them to be true.

_Stephen Love_
Stephen Love (Jan 10, 2025 08:31 EST)
Stephen Love

-13-